**Elmer David JONES, Jr., Plaintiff,**

v.

**Earlette HINTON, Angela Palo, Jennifer Lalena, American Travellers Corporation, Defendants.**

No. 93–CV–5979.

United States District Court, E.D. Pennsylvania.

Feb. 25, 1994.

Elmer David Jones, Jr., plaintiff, pro se.

Marvin L. Weinberg, Fox, Rothschild, O'Brien & Frankel, Philadelphia, for defendants.

## MEMORANDUM & ORDER

JOYNER, District Judge.

Plaintiff has filed an unopposed motion seeking appointment of counsel. For the reasons set forth more fully below, the motion is denied.

While a party has no statutory or constitutional right to appointment of counsel in a civil case, under 28 U.S.C. § 1915(d), the court has broad discretion to appoint counsel to represent an indigent litigant. *Tabron v. Grace,* 6 F.3d 147, 153 (3rd Cir.1993). In order to determine if appointment of counsel is warranted, courts first determine whether plaintiff's claim is meritorious. *Id.* at 155. If it has some basis in law and fact, courts then look at the following factors: 1) whether plaintiff has the ability to present his case based on his education, work experience, litigation experience and literacy; 2) whether plaintiff will be able to pursue the requisite factual investigation; 3) whether credibility determinations are an important aspect of plaintiff's claim; and 4) the complexity of the legal issues in the case. *Id.* at 156. In addition, courts also consider whether plaintiff can retain counsel on his own, *id.* at 157 n. 5, and the practical aspect of appointing counsel when there is a lack of funds to pay for appointed counsel, but yet a growing number of persons seeking appointment of counsel. *Id.* at 157. Usually courts will appoint counsel only when there is a showing of special circumstances. *Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3rd Cir.1984).

In the present case, plaintiff alleges claims of defamation against his former employer and several co-workers. He claims that he was falsely accused of sexual harassment by several co-workers, as well as falsely accused of selling and using cocaine. Despite his denials of the accusations, he was fired by his employer. Plaintiff also claims that his former employer then repeated these accusations to the Pennsylvania Unemployment Compensation Bureau. Based on these facts, we find, as a threshold matter, that plaintiff has stated a meritorious claim of defamation.

However, other factors indicate that appointment of counsel is not warranted in this case. First, plaintiff has demonstrated that he is literate and is able to communicate to the court through his motions. This is evidenced by plaintiff's complaint, as well as plaintiff's response to defendants' pending motion to dismiss, both of which are clear and coherent.

Second, the legal issues involved in plaintiff's case are not very complex. Additionally, it does not appear that plaintiff will be unable to pursue the requisite factual investigation; in fact, he has attached several exhibits to his response to defendants' motion to dismiss, which appear to be papers copied from defendants' personnel files. Finally, while this case involves certain credibility determinations, the majority of plaintiff's claims can be supported by documentary or other evidence within plaintiff's own knowledge.

Plaintiff states he has made attempts to get legal help through two legal aid organizations, but that they denied aid because they did not engage in defamation cases. However, it appears from plaintiff's complaint that he has engaged the services of an attorney to appeal an adverse decision by the Unemployment Compensation Board. Additionally, another legal aid organization has also written referral letters to attorneys on plaintiff's behalf. Thus, it does not appear that plaintiff has been totally unsuccessful in getting legal aid.

Based on the fact that plaintiff has been able to litigate this case *pro se* thus far, and the other factors discussed above, this Court does not find that special circumstances exist to warrant the appointment of counsel in this case. An appropriate Order follows.